IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT CHARLES EBY,

    Plaintiff,

vs.                                      No. CV 19-01123 MV/SCY

K. JAN PETERSON and
DEPARTMENT OF CORRECTIONS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under 28 U.S.C. §§ 1915A and 1915(e)(2)(B) on the Complaint for Violation of Civil Rights filed by Plaintiff, Robert Charles Eby (Doc. 1). The Court will dismiss the Complaint for failure to state a claim on which relief can be granted.

### BACKGROUD

Plaintiff Robert Charles Eby filed his Complaint for Violation of Civil Rights on December 2, 2019. (Doc. 1). Plaintiff names as Defendants Deputy District Attorney K. Jan Peterson and New Mexico Department of Corrections ("DOC"). (Doc. 1 at 2). Plaintiff claims deprivation of his Eighth and Fourteenth Amendment rights. (Doc. 1 at 3). Eby makes broad, generalized allegations that Defendants "knowingly, willfully, and intentionally took part in sentencing and detaining Plaintiff while his sentence was or is illegal. . . Defendants deprived the Plaintiff of Procedural Due Process and did not provide reasonable notice of charges against him and a fair opportunity to defend." (Doc. 1 at 4). He does not include specific factual allegations as to why

1

his sentence is illegal, how he was deprived of due process, or even the docket number of the underlying criminal proceeding. Plaintiff does state that his claims arose when he was sentenced on February 19, 2003 in Doña Ana County. (Doc. 1 at 5). Plaintiff seeks to be awarded $250,000 in damages. (Doc. 1 at 5).

## STANDARD

Plaintiff is proceeding pro se and *in forma pauperis* on civil rights claims under 42 U.S.C. § 1983. The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Further, *pro se* plaintiffs should ordinarily be given the opportunity to cure defects in the original

complaint, unless amendment would be futile. *Id.* at 1109.

## DISCUSSION

Plaintiff's constitutional claims are asserted pursuant to 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n. 9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

The only individual whom Plaintiff names in his Complaint is Deputy District Attorney K. Jan Peterson. (Doc. 1 at 2). Specifically, Plaintiff alleges that "Defendant Peterson allowed sentence to be imposed knowing the sentence was imposed in violation of Plaintiff's rights." (Doc. 1 at 5). This claim, however, is barred by prosecutorial immunity.

"Prosecutorial immunity bars claims for damages against a prosecutor sued in her individual capacity." *Blair v. Osborne*, 777 F. App'x 926, 929 (10th Cir. 2019) (citing *Lewis v. Clarke*, __ U.S. __, 137 S. Ct. 1285, 1291, (2017)). "That immunity provides absolute immunity from suit for activities that are 'intimately associated with the judicial phase of the criminal process.'" *Blair*, 777 F. App'x at 929 (quoting *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976)). "In essence, 'a prosecutor is entitled to absolute immunity for those actions that cast him in the role of an advocate initiating and presenting the government's case.'" *Blair*, 777 F. App'x at 929 (quoting *Mink v. Suthers*, 482 F.3d 1244, 1261 (10th Cir. 2007)). Because a prosecutor's actions

in connection with sentencing undoubtedly are taken in a prosecutor's role as an advocate and are intimately associated with the judicial phase of the criminal process, the Tenth Circuit has held that prosecutorial immunity applies where the basis for the plaintiff's claims is the prosecutor's actions related to sentencing. *Blair*, 777 F. App'x at 929 ("We are [] satisfied that prosecutorial immunity applies to Osborne's statements at the sentencing hearing because it is the prosecutor's role as an advocate to make requests, arguments, and concessions during such hearings.").

Here, the sole basis for Plaintiff's claims against Peterson is that Peterson allowed sentence to be imposed knowing that the sentence was imposed in violation of Plaintiff's rights. Peterson, however, is entitled to prosecutorial immunity for actions taken in connection with sentencing. Accordingly, prosecutorial immunity bars Plaintiff's claims against Peterson.

The only other defendant named by Plaintiff is the DOC. (Doc. 1 at 2). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). "[S]tate-operated detention facilities do not have a separate legal identity from the state, and therefore are not 'persons' who have the capacity to be sued under §1983." *Buchanan v. Okla.*, 398 F. App'x 339, 342 (10th Cir. 2010) (unpublished). *See also Blackburn v. Dep't of Corr.*, 172 F.3d 62 (10th Cir. 1999) ("New Mexico Department of Corrections is not a 'person' subject to suit under § 1983"). The DOC is therefore not a proper party in this suit.

Other than Peterson and the DOC, Plaintiff does not allege personal involvement by any identified official in any alleged constitutional violation. *Fogarty,* 523 F.3d at 1162. Accordingly, the Complaint fails to state any plausible claim for relief under § 1983. *Ashcroft,* 556 U.S. at 676.

Even if the Complaint did state a claim for relief under § 1983, Plaintiff's claims nonetheless would be barred by the three-year statute of limitations governing civil rights cases.

Civil rights claims arising in New Mexico under § 1983 are governed by the New Mexico three-year personal injury statute of limitations, codified at N.M. Stat. Ann. § 37-1-8 (1978). *Varnell v. Dora Consol. Sch. Dist.,* 756 F.3d 1208, 1212 (10th Cir. 2014). A civil rights claim accrues when the plaintiff knew or should have known of the injury and its unconstitutional cause. *Id.* at 1216. Here, Plaintiff states that his claims arose when he was sentenced on February 19, 2003. (Doc. 1 at 5). Yet he did not file his civil rights complaint until December 2019, more than sixteen years later. (Doc. 1 at 1). Accordingly, on the face of his Complaint, Plaintiff's claims are barred by the statute of limitations. *Id.* at 1212.

Finally, even if the Complaint stated a claim for relief and was not untimely, Plaintiff's claims would be barred under *Heck v. Humphry,* a case in which the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. 512 U.S. 477, 487 (1994). In *Heck*, the Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. *Id.* If it would, the complaint must be dismissed. *Id.*

Plaintiff does not specify which underlying criminal proceeding is the subject of his Complaint. However, in an attachment, he indicates that it is State of New Mexico, County of Doña Ana, Third Judicial District cause no. CR 2000-0555. (Doc. 1 at 7-8). The Court has reviewed the official record in Plaintiff's state court proceedings, D-307-CR-2000-00555, through the New Mexico Supreme Court's Secured Online Public Access ("SOPA") and takes judicial notice of the official records. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand"); *Mitchell v. Dowling,* 672 F.

5

App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed.").

The state court records indicate that in 2003, Plaintiff was convicted by a jury on 31 counts of criminal sexual penetration of a minor, criminal sexual contact of a minor, and contributing to the delinquency of a minor. Plaintiff has challenged his convictions and sentence by direct appeal and through multiple state habeas corpus filings. Although his conviction on one count was subsequently set aside by the New Mexico Court of Appeals in 2007 on direct appeal, the remaining 30 convictions and sentence were affirmed. *See* D-307-CR-2000-00555.

Plaintiff's Prayer for Relief specifically asks the Court to award him damages for an allegedly illegal sentence. (Doc. 1 at 5). However, his convictions and sentences have not been overturned. To award him damages, his request for relief clearly necessitates the invalidation of his convictions and sentence. *Heck,* 512 U.S. at 487. This is not permissible under *Heck*, and his claims herein thus are subject to dismissal for this additional reason.

Generally, pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall*, 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under Rule 12(b)(6). *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). Even if amended, Plaintiffs' claims would still be subject to dismissal because of prosecutorial immunity, the statute of limitations, and the *Heck* doctrine. Accordingly, amendment of Plaintiff's Complaint would be futile. For this reason, the Court declines to grant leave to amend.

Lastly, the Court notes that Plaintiff's Motion for Appointment of Counsel (Doc. 8) and Motion for Jury Demand (Doc. 9) are currently pending before the Court. In light of the instant

decision to dismiss Plaintiff's Complaint without leave to amend, the Court finds these motions as moot.

**IT IS THEREFORE ORDERED that:**

(1) Plaintiff Robert Charles Eby's Motion for Appointment of Counsel (Doc. 8) and Motion for Jury Demand (Doc. 9) are **FOUND AS MOOT**; and

(2) the Complaint for Violation of Civil Rights filed by Plaintiff, Robert Charles Eby (Doc. 1) is **DISMISSED**.

_____
UNITED STATES DISTRICT JUDGE